E-FILED
Tuesday, 08 December, 2015  03:35:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| JUAN BRISENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-2263 |
| | ) | |
| SHERIFF BUKOWSKI, | ) | |
| C/O ROBERTS, and | ) | |
| C/O PAQUETTE, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**OPINION**

**JOE BILLY MCDADE, U.S. District Judge.**

Plaintiff, proceeding pro se from his incarceration in a federal prison in Colorado, pursues claims arising from an incident which occurred in the Jerome Combs Detention Center in August of 2014. Plaintiff alleges that officers failed to promptly intervene to protect him from an attack by other inmates, and, when the officers did finally intervene, they allegedly tased Plaintiff without warning or justification.  The Court identified the following claims pursuant to a merit review of the complaint under 28 U.S.C. §1915A:  (1) an excessive force claim against Defendant Roberts; (2) a failure-to-

---

[1] Defendants Perkins, O'Neil, and Tobeck were dismissed in the merit review order.  (d/e 10).

protect claim against Defendants Roberts and Paquette; and, (3) an unconstitutional policy or practice claim against Sheriff Bukowski in his official capacity regarding the use of tasers.

Defendants move for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies because he never filed a grievance. (Defs.' Mot. Summ. J., d/e 22.) Their evidence consists primarily of an affidavit by the Chief of Corrections for the facility, Chad Kolitwenzew, and the facility's inmate handbook which explains the grievance procedure. If the Court determines that a material, disputed fact exists, the Court must hold an evidentiary hearing to resolve the dispute. Roberts v. Neal, 745 F.3d 232, 234 (7th Cir. 2014).

Mr. Kolitwenzew avers that Plaintiff filed several grievances while at the facility but that none of the grievances filed were about the alleged incident at issue in this case. (Kolitwenzew Aff. para. 11.) Mr. Kolitwenzew also avers that Plaintiff filed no grievance naming Defendants Roberts, Paquette, or about the detention facility's policies, nor did Plaintiff file an "appeal letter" to the Illinois Department of Corrections Jail and Detention Standards. (Kolitwenzew Aff. para. 11.)

Plaintiff responded to the motion for summary judgment with a declaration stating that he filed a grievance about the incident and "placed it in the locked box labeled 'Inmate Request/Grievance' on August 27, 2014 and September 2, 2014, respectively. Neither one was answered by jail staff." (Pl.'s Dec., para. 5, d/e 31, p. 6.) Plaintiff does not say whether the second grievance he filed was a duplicate of the first or a new grievance.

Defendants point out in their reply that, according to the facility's grievance procedure, the inmate keeps the pink copy of the grievance before submitting the grievance. (Defs.' Reply, p. 1.) The grievance procedure section of the inmate handbook states:

> Grievance forms are in triplicate. Before placing the completed inmate request/grievance form in the box, tear off the pink copy from the back of the form and retain it for your records. Jail Administration is not responsible for retaining copies of the grievance you submitted.

(Defs.' Mot. Summ. J., Exhibit C, p. 23.) Mr. Kolitwenzew avers in his supplemental affidavit that:

> Grievance forms are in triplicate. Before placing the completed inmate Request/Grievance form in the box, inmates are to tear off the pink copy from the back of the form and retain it for their records. White and yellow copies are then dropped in the request/grievance box by the inmate. The yellow copy is then provided to the inmate after the JCDC administration answers the

grievance.  The white copy is retained in the inmate's file. The JCDC Inmate Grievance Form provides these instructions to the inmate.

(Kolitwenzew Supplemental Aff. para. 5.)

On October 30, 2015, the Court directed Plaintiff "to respond to Defendants' assertion that Plaintiff did not mention the Defendants in his purported grievance and that Plaintiff would have retained the pink copy of the triplicate grievance form if he had filed a grievance."  (10/30/2015 text order.)  Plaintiff filed nothing in response.

The Court concludes that Defendants have met their burden of proof.  Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)(Defendants bear the burden of proving lack of exhaustion). Plaintiff has not responded to the Court's order, which the Court construes as a concession that inmates keep a pink copy of the grievance before submitting the grievance.  While an evidentiary hearing is often required to determine whether or not an inmate filed a grievance, see Roberts v. Neal, 745 F.3d 232 (7th Cir. 2014), in this case Plaintiff's silence is at odds with his prior declaration and has not been explained.

Further, Plaintiff's declaration does not explain what he wrote in his purported grievances, leaving no way to determine whether Plaintiff gave notice of his concerns to the detention facility, a primary purpose of the exhaustion requirement.  *See* <u>Smith v. Zachary</u>, 255 F.3d 446, 450 (7th Cir. 2001)(The purpose of the exhaustion requirement is to provide the prison system with notice and an "opportunity to address the situation internally, . . . ."); <u>Turley</u>, 729 F.3d at 649 (7th Cir. 2013).  For all the Court knows, Plaintiff's purported grievances could have been about keeping him separate from his alleged attackers rather than about any fault of the officers on the scene.  Plaintiff has personal knowledge of what he wrote in the purported grievances, yet he fails to offer any specifics.

For example, Plaintiff appears to concede that he did not name Officer Roberts or Paquette in his grievances.  The facility's grievance procedures require the "[n]ame of the person(s) for whom the grievance is filed against."  (Defs.' Mot. Summ. J., Exhibit C. p. 23.)  Plaintiff does not contend that he did not know the names of the officers when he wrote the grievances, nor does he explain how the grievances otherwise put the facility on notice of wrongful

conduct by any officers.  *See* <u>Roberts</u>, 745 F.3d at 236 (grievance failed to exhaust against a particular defendant where that defendant was not named in the grievance and not enough facts were provided in grievance to suggest that defendant was involved in the incident).

Plaintiff also avers that he was not given the inmate handbook.  However, he does not dispute that he knew how to file grievances, that the grievance procedures were available to him, and that he did file grievances.  *Cf.* <u>Thomas v. Reese</u>, 787 F.3d 845, 845 (7th Cir. 2015)(handbook did not allow grievance about discipline to be filed).  For example, on September 4, 2014, nine days after the incident, Plaintiff filed a grievance about his eyeglasses which he maintained were "misplaced on 8/26/14 during a [sic] incident in Max D."  (9/4/14 grievance attached to Kolitwenzew Supplemental Aff., d/e 33-1).  Notably, in this grievance Plaintiff stated that this was his fourth grievance about his eyeglasses, but Plaintiff mentioned nothing about a lack of response to any grievance about excessive force or failure to protect.

## Conclusion

In sum, Defendants' motion and reply satisfies their burden of showing that Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).   Plaintiff's vague and conclusory response is insufficient to counter that conclusion or to create any disputed question of material fact which might require an evidentiary hearing, particularly in light of Plaintiff's failure to respond to the Court's order.  On this record, summary judgment for Defendants is warranted.

**IT IS THEREFORE ORDERED:**

**(1)** Defendants' motion for summary judgment is granted (22).

**(2)** This case is dismissed, without prejudice, for Plaintiff's failure to exhaust his administrative remedies.

**(3)** Plaintiff must still pay the full filing fee even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

**(4)** If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present

on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose
to appeal, he will be liable for the $505 appellate filing fee
irrespective of the outcome of the appeal.

    **(5)**    The clerk is directed to enter a judgment and to close
this case.

ENTERED:  12/08/2015

FOR THE COURT:

**s/Joe Billy McDade**
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE